UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL J. PLAZIO, Jr., | : | |
| | : | |
| Plaintiff, | : | Civ. No. 21-14403 (RBK) (EAP) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| OFFICER FORREST, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.   INTRODUCTION

Plaintiff, Michael J. Plazio, Jr. ("Plaintiff" or "Plazio"), is a pretrial detainee currently housed at the Salem County Correctional Facility ("SCCF") in Woodstown, New Jersey. He is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 7). Plaintiff has also filed a request for a preliminary injunction ("PI")/temporary restraining order ("TRO") (ECF 2) as well as a motion for the appointment of pro bono counsel. (*See* ECF 10).

This Court must screen the allegations of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's amended complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's request for a PI/TRO as well as his motion for the appointment of pro bono counsel are also denied without prejudice.

## II. BACKGROUND

The allegations of Plaintiff's amended complaint shall be construed as true for purposes of this screening opinion. Plaintiff names the following as Defendants in this case:

1. Lt. Crawford – grievance coordinator
2. Warden John Cuzzupe
3. Lt. Angelus – maintenance department
4. Sgt. Riddle – grievance coordinator
5. Officer Batton
6. Officer Warrant
7. Sgt. Devault
8. Response Team Officer Martin
9. Department of Law and Public Safety
10. Officer Nazstanko[1]

Plaintiff states he was placed in a cell at SCCF by Officer Forrest with no running water for two weeks. (*See* ECF 7 at 5). Plaintiff made verbal complaints and filed formal grievances on the kiosk system about this situation. (*See id.*). Plaintiff states due to COVID restrictions, he was forced to remain in his cell for at least twenty-three hours a day. (*See id.*). Due to these conditions, Plaintiff states he was unable to stay properly groomed and sanitized. (*See id.*). These conditions caused him to suffer from headaches, caused sores in his mouth and he became dehydrated. (*See id.* at 7).

Additionally, Plaintiff alludes to being placed in a cell numerous times that had no bed frame, only a mattress on the floor. (*See id.* at 6). Finally, Plaintiff states Defendant Crawford denied him access to courts. (*See id.* at 7).

---

[1] The amended complaint names Officer Forrest as a Defendant. However, Plaintiff requested in his motion to reopen that this Court replace Officer Forrest with a different Defendant because she no longer works at SCCF. This Court is unable to do so. Rather, Plaintiff must name and allege facts against the Defendants he wishes to sue in a pleading. Nevertheless, the Clerk terminated Officer Forrest as a Defendant in the caption given Plaintiff's statement in his motion to reopen about replacing Officer Forrest. This Court also takes Plaintiff's statement in his motion to reopen that he does not wish to sue Officer Forrest in his amended complaint. Should that interpretation be incorrect, Plaintiff can make his intentions clearer in any proposed second amended complaint that he may elect to file.

Plaintiff seeks declaratory relief and monetary damages from the Defendants. (*See id.* at 7).

### III. LEGAL STANDARD

District courts must review complaints in civil actions in which a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions. *See* 42 U.S.C. § 1997e. District courts are directed to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

IV. **DISCUSSION**

A. <u>Access to Courts</u>

Plaintiff alleges Defendant Crawford denied him access to the courts. To allege an access-to-the-courts claim, a prisoner is required to show that the denial of access caused actual injury. *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). An "[a]ctual injury occurs when a prisoner demonstrates that

a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

Plaintiff makes no allegation of a non-frivolous or arguable claim that he personally lost because of actions by Defendant Crawford. Thus, this claim against Defendant Crawford is dismissed without prejudice for failure to state a claim.

B. Conditions of Confinement

Plaintiff next makes two conditions of confinement claims related to his time at SCCF. More specifically, Plaintiff complains about being placed in a cell with only a mattress on the floor as well as the lack of running water in a cell for which he had to spend at least twenty-three hours a day due to COVID protocols.

As a pretrial detainee, plaintiff's conditions of confinement claims are analyzed under the Fourteenth Amendment as opposed to the Eighth Amendment. *See Hubbard v. Taylor,* 538 F.3d 229, 231 (3d Cir. 2008) (explaining that Fourteenth Amendment applies to pretrial detainees' conditions of confinement claim). "The Constitution mandates that prison officials satisfy inmates' 'basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety.'" *Duran v. Merline,* 923 F. Supp. 2d 702, 719 (D.N.J. 2013) (quoting *Helling v. McKinney,* 509 U.S. 25, 32 (1993)) (remaining citation omitted). A plaintiff must allege that the defendant knew of and disregarded an excessive risk to plaintiff's health. *See Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Furthermore, and most importantly with reference to screening this proposed amended complaint, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior.*" *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). "Personal involvement

5

can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*; *see also Baker v. Monroe Twp.,* 50 F.3d 1186, 1190–91 (3d Cir. 1995) (a plaintiff "must show that a policymaker for the [municipality] authorized policies that led to the violations or permitted practices that were so permanent and well settled as to establish acquiescence." (citation omitted)).

Assuming without deciding that these conditions of confinement allegations rise to the level of a Fourteenth Amendment claim either individually or in their totality, Plaintiff does not state with any facial particularity any person he is suing who had the requisite personal involvement. Indeed, the only person he indicates in his proposed amended complaint with knowledge is Officer Forrest and only then as it relates to the lack of running water in his cell. However, as noted in *supra* note 1, Plaintiff has decided not to sue Officer Forrest at least in this pleading. Accordingly, given the dearth of any allegations against any of the named Defendants as it relates to Plaintiff's conditions of confinement claim, this claim against them is dismissed without prejudice for failure to state a claim upon which relief may be granted.

C. Request for PI/TRO

Plaintiff filed a request for a PI/TRO after filing his initial complaint but prior to filing his proposed amended complaint. (*See* ECF 2). In his request, Plaintiff alludes to the high risk of contracting COVID as well as his inability to access the courts and requests a transfer to a different facility. (*See id.* at 1-2). Previously, this Court dismissed Plaintiff's request for a PI/TRO without prejudice when this matter was administratively terminated as his application to proceed *in forma pauperis* was incomplete. (*See* ECF 3). Plaintiff subsequently paid the filing fee and has requests his request for PI/TRO be reinstated for this Court to consider. (*See* ECF

11). Accordingly, Plaintiff's request for a PI/TRO will be reinstated and considered on the merits.

To secure the extraordinary relief of a PI or a TRO, a plaintiff must demonstrate that "'(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest.'" *Barber v. Sharp*, No. 10–5286, 2011 WL 2223651, at *15 (D.N.J. June 2, 2011) (citing *Maldonaldo v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *Ballas v. Tedesco*, 41 F.Supp.2d 531, 537 (D.N.J. 1999) (as to TRO)). A preliminary injunction grants "intermediate relief of the same character as that which may be granted finally." *De Beers v. Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). A plaintiff "must establish that all four factors favor preliminary relief." *Barber*, 2011 WL 2223651, at * 15 (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir. 1990)).

Plaintiff fails to show that he is entitled to preliminary injunctive relief. Indeed, this Court is dismissing Plaintiff's amended complaint without prejudice for failure to state a claim. Thus, Plaintiff fails to show a likelihood of success on the merits. Accordingly, the request for a PI/TRO is denied.

D. <u>Motion for the Appointment of Pro Bono Counsel</u>

Finally, Plaintiff seeks the appointment of pro bono counsel. (*See* ECF 10). Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). To appoint pro bono counsel, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Furthermore, in determining whether to appoint counsel, a court considers the

following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). Additionally, the power to grant appointment of counsel lies solely with the discretion of this Court. *See Tabron*, 6 F.3d at 155. Appointing counsel may be made at any point during the litigation *sua sponte* or by granting a party's motion. *See id.* at 156.

Initially, it is not entirely clear that Plaintiff is indigent. Indeed, Plaintiff paid the filing fee in this case. Furthermore, Plaintiff has failed to state a claim in his amended complaint. Thus, he has also failed to show that there is some merit to his claims. Accordingly, Plaintiff's motion for the appointment of pro bono counsel is denied without prejudice. If Plaintiff though can show indigency, such as by filing an updated application to proceed *in forma pauperis* as well as some merit in fact or in law to his claims, he can refile a motion for the appointment of pro bono counsel that will be considered anew.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's request for a PI/TRO as well as his motion for the appointment of pro bono counsel are denied without prejudice. Plaintiff's amended complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff shall be given a short period of time in which to file a proposed second amended complaint that corrects the deficiencies of his amended complaint as outlined in this opinion should he elect to do so. An appropriate order will be entered.

DATED: July 20, 2022                                                                                 s/ Robert B. Kugler  
                                                                                                                             ROBERT B. KUGLER  
                                                                                                                             United States District Judge